EAST BOSTON ECUMENICAL COMMUNITY COUNCIL, INC., Chhum Tak, Samath Eang, Noeun Oum, Lam Sras, Tuyet Tran, Cal Son, Tep Sun, Noy Em,

v.

Angelo P. MASTRORILLO, Individually, Angelo P. Mastrorillo, Susan Mastrorillo, as Trustees of each of ASD Realty Trust, Master Realty Trust, Angelo P. Mastrorillo, as Trustee of each of Dewey Realty Trust, Bicentennial Realty Trust, Angelo P. Mastrorillo d/b/a Master Properties, Angelo P. Mastrorillo, Susan Mastrorillo, d/b/a Master Mortgage Company, Master Properties, Inc., ASD Realty Trust, Master Realty Trust, Dewey Realty Trust, Bicentennial Realty Trust.

Civ. A. No. 88–2487–WD.

United States District Court,
D. Massachusetts.

Feb. 22, 1989.

See also, D.C., 124 F.R.D. 12.

William A. Horne, William W. Porter, Rebecca J. Benson, Goulston & Storrs, Nadine Cohen, Lawyers' Committee for Civ. Rights, Boston, Massachusetts, for plaintiffs.

Robert E. McLaughlin, Nora J. Mann, Donna E. Cohen, Gilman, McLaughlin & Hanrahan, Robert D. Russo, Boston, Massachusetts, for defendants.

### MEMORANDUM AND ORDER ON MOTION FOR ORDER GOVERNING THE TAKING OF DEPOSITIONS OF PERSONS NOT PROFICIENT IN ENGLISH (# 47)

ROBERT B. COLLINGS, United States Magistrate.

The defendants seek to take the depositions of some of the plaintiffs. Plaintiffs' counsel asserts that the plaintiffs whom the defendants wish to depose (hereinafter, "the deponents") do not speak English and, therefore, interpreters are needed. Defendants' counsel is doubtful that the deponents are so lacking in proficiency in English that the depositions could not be taken without interpreters but, in any event, asserts that plaintiffs must bear the costs of the interpreters.

In my opinion, the matter is governed by the First Circuit's decision in *In re Puerto Rico Electric Power Authority*, 687 F.2d 501 (1 Cir., 1982). In that case, the Court held that a District Court was without power to order that a party producing documents translate the documents into English. Rather, the Court held that the cost must be borne by the party seeking discovery. If that party ultimately prevails on the merits of the litigation, the cost may be reimbursable as costs in the suit pursuant to Rule 54(d), Fed.R.Civ.P.

The same analysis applies to depositions of parties. In this case, it is the defendants who are seeking discovery. If the deponents are unable to speak English, the defendants must bear the cost of having their questions translated into the native language of the deponents and having the deponents' answers translated into English. If the defendants prevail on the merits, the costs incurred for the interpreters may be taxed in defendants' favor against the plaintiffs. 28 U.S.C. § 1920(6).

The only caveat is that if defendants can demonstrate that the deponents do not really need interpreters and that the defendants were forced to incur the costs of interpreters needlessly, I have no doubt that the Court would have the power to require the plaintiffs to pay the costs of an interpreter regardless of which parties ultimately prevail in the litigation. However, on the present record, there is insufficient basis for concluding that interpreters are not needed for the depositions.

Accordingly, the Motion For Order Governing The Taking Of Depositions Of Persons Not Proficient In English (# 47) is ALLOWED. The costs incurred in having interpreters present at the depositions of the deponents who are unable to communicate in English shall be borne initially by the defendants, who, if they prevail in this litigation, can seek reimbursement in a bill of costs filed with the Clerk pursuant to 28 U.S.C. § 1920(6). The defendants may use any interpreter who is qualified to translate court proceedings in the Massachusetts Superior Court. If the defendants can establish that any of the deponents are proficient in English and that an interpreter was not needed for the deposition, the defendants may seek to have the Court issue an Order requiring that the plaintiffs reimburse the defendants for any costs for interpreters which were needlessly incurred.