**CHARTER MEDICAL CORPORATION, Plaintiff,**

v.

**Jerome S. CARDIN, et al., Defendants.**

Civ. No. H–84–3714.

United States District Court, D. Maryland.

June 9, 1989.

H. Lamar Mixson, William A. Hylton, Jr., Baltimore, Md., Edward B. Krugman, and John Floyd, for Charter Medical Corp.

J. Alan Galbraith, Washington, D.C., for Cardin, Coller and Hansen.

Howard G. Goldberg and Deborah K. Sobieski, Baltimore, Md., for Alexander Grant & Co., S. Krosin and M. Goldman.

Lloyd J. Snow and Paul F. Newhouse, Baltimore, Md., for Cardin & Cardin, P.A.

Philip M. Andrews, Baltimore, Md., for Jerald Moskowitz.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Chief Judge.

Following a trial which commenced in late June of 1987, this Court, after plaintiff had closed its case, granted defendants' motions to dismiss pursuant to Rule 41(b), F.R.Civ.P. In the first of these consolidated cases,[1] Charter Medical Corporation (hereinafter "Charter") had sued Jerome S. Cardin, Jerome J. Coller and Kenneth E. Hansen (hereinafter "CCH"), the principal stockholders of Psych Systems, Inc. (hereinafter "PSI"), alleging violations of state and federal securities laws, common law fraud and breach of contract in connection with Charter's purchase of defendants' shares of stock of PSI. Following realignment of the parties by the Court, other defendants in the case included Alexander Grant & Company (hereinafter "Grant"), an accounting firm and two of its partners. Third-party claims had been asserted by the CCH defendants against Jerald Moskowitz and others and Grant in turn had asserted a third-party claim against the law firm of Cardin and Cardin and also against Moskowitz. Motions to dismiss filed by both the CCH defendants and the Grant defendants had also been granted by the Court after plaintiff Charter had rested its case.[2]

Charter appealed, and in an unpublished *per curiam* opinion the Fourth Circuit affirmed this Court's entry of judgment in favor of defendants. *Cardin v. Charter Medical Corporation*, 850 F.2d 688 (4th Cir.1988). The prevailing parties then filed Bills of Costs. Following a hearing, the Clerk, in an Order entered on April 10, 1989 allowed certain costs to be recovered by Grant, by CCH, by the law firm of Cardin and Cardin and by Moskowitz.

Presently before the Court are motions filed by CCH and by Grant seeking a review of the Clerk's taxation of costs. Memoranda and exhibits have been filed by the parties in support of and in opposition to those motions. In addition, the Court has reviewed the pleadings and memoranda which were before the Clerk. No hearing is necessary for a decision on the pending motions. *See* Local Rule 6. After due consideration of the memoranda and exhibits, this Court concludes that the motion of CCH to review costs should be granted in its entirety and that the motion of Grant for a review of the Clerk's taxation of costs should be granted in part and denied in part.

---

1. Three separate suits involving the parties were consolidated as Civil No. H–84–3714.

2. Judgments were entered in favor of all defendants and also in favor of the third-party defendants.

Rule 54(d) of the Federal Rules of Civil Procedure provides generally that "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs." Not every expense of litigation, however, is recoverable. Those expenses which may be taxed are found in 28 U.S.C. §§ 1920, 1921 and 1923.

■ The primary question to be now resolved by the Court is whether defendants CCH and Grant as prevailing parties are entitled to recover the costs of daily transcripts. CCH further contends that the Clerk erred in taxing CCH with the costs of third-party defendant Cardin and Cardin. In its motion, Grant also seeks an award of costs for exemplification and copying of certain documents, costs of depositions of witnesses who did not testify at trial and costs assessed against Grant in favor of third-party defendants.

Daily transcript costs and deposition costs are recoverable in a proper case under 28 U.S.C. § 1920. *Advance Business Systems and Supply Co. v. SCM Corp.*, 287 F.Supp. 143, 162, 165 (D.Md.1968), *aff'd* 415 F.2d 55 (4th Cir.1969), *cert. denied* 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970). *Advance Business Systems* and other authorities have recognized that a trial court possesses broad discretionary powers in the allowance or disallowance of costs within the categories set out in § 1920. *See* 287 F.Supp. at 162. In determining whether deposition costs are taxable, a court could consider the extent of the use of each deposition in pretrial motions, in cross examination and otherwise, and whether the taking of the deposition was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. *Id.* at 165. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial. *Id.* The costs of reproducing documents for authentication, for inclusion in document books and for introduction at trial are usually recoverable "where the copies are necessary for the

trial or pretrial." *Advance Business Systems, supra* at 164. In that case, Judge Thomsen held taxable some copying charges claimed but denied others.

Applying those principles here, this Court concludes that both CCH and Grant are entitled to recover from plaintiff Charter the costs of daily transcripts. As indicated by the Court's oral opinion of July 15, 1987, the issues in this case were complex. Charter chose to assert numerous claims against defendants, based not only on the common law, but also on various sections of the 1933 Securities Act and the 1934 Securities and Exchange Act. Technical expert testimony was presented by Charter as a part of its case, and daily transcripts were necessary for counsel's preparation and conduct of cross examination. Plaintiff Charter itself ordered daily transcript copy and presumably deemed daily transcripts necessary for the presentation of its evidence. Moreover, as indicated in the Court's oral opinion, the Court reviewed portions of the transcripts in reaching its decision. (Tr. 4008). The Court concludes that daily transcripts were necessary in this case.[3]

■ The CCH defendants correctly protest the taxation by the Clerk against them of costs of Cardin and Cardin. Counsel for the law firm of Cardin and Cardin have conceded that CCH should not be taxed with its costs as a third-party defendant. CCH did not sue Cardin, and it was therefore error for the Clerk to award Cardin and Cardin costs against CCH.

■ The Court further concludes that Grant is entitled to recover some of the costs of those depositions which were taken in this case even though the witnesses were not called to testify at the trial. In view of the Court's rulings at the close of plaintiff's case, it was not necessary for the Grant defendants to present evidence at the trial. The Court is satisfied that the depositions in question were properly taken by Grant in preparing for trial and would have been useful in the presentation of the

---

**3.** The actual cost is allowable. Had the parties not agreed to pay the premium rate, the tran-

scripts would not have been available.

case of the Grant defendants had it been necessary for them to do so. However, the Court is not satisfied that it was necessary for the Grant defendants to obtain copies of depositions used in the related litigation of *Union Trust Co. of Maryland v. Charter Medical Corporation,* Civil No. JFM–84–3829. Recovery of those costs will not be allowed.

■ The Court further concludes that copying costs claimed by the Grant defendants are not allowable under the circumstances of this case. Grant, as the moving party, has the burden of establishing that the costs claimed were necessary for trial and/or pretrial. Grant has not shown the necessity for preparing charts and enlargements of certain trial exhibits. The Court had been provided with copies of the exhibits which were enlarged or reproduced in chart form by Grant. All of the blow-ups were not used during the trial. Even those which were used could have been shown to witnesses or to the Court by the use of the letter-sized exhibits themselves. The enlargements and charts were not necessary for a proper understanding by the Court of the issues in the case.

■ Grant is likewise not entitled to reimbursement for expenses incurred in obtaining copies of Charter's trial exhibits. Grant already had copies of these documents, and the duplication was merely a matter of convenience for Grant's counsel. Any resulting economy to Grant should not be charged to Charter.

■ Finally, Grant is not entitled to charge Charter with costs assessed against Grant which were taxed against it by third-party defendants Moskowitz and Cardin and Cardin. Counsel for Grant concedes that no authority exists which would permit the costs taxed against a third-party plaintiff to be passed along by that party to the plaintiff in the litigation. There was no necessity that Grant bring a third-party action against these third-party defendants. Had Grant chosen to merely rely on the valid defenses raised as to plaintiff's claims, it would still have been a prevailing party, and the costs incurred by the third-party defendants in the third-party case would not have arisen at all. Since the third-party defendants prevailed, they are entitled to recover costs from third-party plaintiff Grant.

For the reasons stated, CCH will be permitted to recover costs in the amount of $10,677.26, being the costs allowed by the Clerk in the amount of $5,265.26 plus $5,412.00 for daily transcript costs. Grant will be permitted to recover costs in the amount of $16,043.23, being costs allowed by the Clerk in the amount of $6,744.45 plus $5,415.00 for daily transcript costs and $3,883.78 for deposition transcripts. CCH will not be required to pay any part of the costs awarded to third-party defendant Cardin and Cardin.

Accordingly, it is this 9th day of June, 1989, by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion to review costs of defendants Coller, Cardin and Hansen be and the same is hereby granted;

2. That the motion for review of the Clerk's taxation of costs of defendant Alexander Grant & Company be and the same is hereby granted in part and denied in part;

3. That the Order of the Clerk dated April 10, 1989 be and the same is hereby modified;

4. That costs in this case are hereby taxed against plaintiff Charter Medical Corporation and in favor of defendant Alexander Grant & Co. in the total amount of $16,043.23, and in favor of defendants, Jerome S. Cardin, Jerome J. Coller and Kenneth E. Hansen in the amount of $10,677.26; and

5. That costs in this case are hereby taxed against third-party plaintiffs Alexander Grant & Co., Morton D. Goldman and Stanley E. Krosin and in favor of third-party defendant Cardin and Cardin in the total amount of $5,310.98, and in favor of third-party defendant Jerald I. Moskowitz in the total amount of $5,317.33.