Selinda SIMMONS

v.

Neil O'MALLEY, M.D.

No. CIV. CCB–99–3217.

United States District Court,
D. Maryland.

Dec. 9, 2002.

E. Dale Adkins, III, Stuart M. Salsbury, Leslie Hayes Russo, Julia A. Lodowski, Salsbury Clements Bekman Marder and Adkins LLC, Baltimore, MD, for Plaintiff.

Conrad W. Varner, Varner and Goundry, Frederick, MD, for Defendant.

### MEMORANDUM AND ORDER

BLAKE, District Judge.

■ On July 26, 2002, following trial, a jury awarded substantial damages to plaintiff Selinda Simmons in this medical malpractice case. Now pending is the plaintiff's Bill of Costs, which has been opposed in certain respects by the defendant. Within the categories set by 28 U.S.C. § 1920, the court has broad discretionary authority in allowing or disallowing trial costs. *Charter Med. Corp. v. Cardin,* 127 F.R.D. 111, 113 (D.Md.1989) (citing *Advance Business Systems and Supply Co. v. SCM Corp.,* 287 F.Supp. 143, 162 (D.Md. 1968), aff'd 415 F.2d 55 (4th Cir.1969)). The issues have been briefed fully, and my rulings follow.

*Filing fee:* this is not objected to and shall be allowed in the requested amount of $150.00.

■ *Deposition costs:* in determining whether to award deposition costs, a court examines whether the deposition was reasonably necessary to the prevailing party's case at the time it was taken, not whether it was actually admitted at trial. *LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir.1987); *Board of Directors, Water's Edge v. Anden Group,* 135 F.R.D. 129, 133 (E.D.Va.1991); *Charter,* 127 F.R.D. at 113–14; *Roberts v. Owens–Corning Fiberglass Corp.,* 101 F.Supp.2d 1076, 1087 (S.D.Ind.1999).

■ The defendant objects to the costs of the discovery depositions of the parties, Ms. Simmons and Dr. O'Malley, and also to those of the experts for each side. Reasonable trial preparation, however, ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses. In addition, it is ordinarily reasonable to provide expert witnesses copies of the deposition transcripts of the parties and opposing experts for their review in forming their final opinions and in preparation for defending those opinions at trial.

Regarding *de bene esse* depositions, the defendant does not object to the cost for videotaping Dr. Friedman, but does object to the cost of videotaping and transcribing Dr. Liu's testimony, alleging the need for his *de bene esse* deposition during trial was the result of poor planning on the part of plaintiff's counsel. I disagree. The need for the *de bene esse* deposition was the result in part of the normal unpredictability of scheduling experts' trial testimony and in part of the court's need to hear an emergency matter as chambers judge. The only alternative was a weekend date, and the transcript was required by defense counsel so that objections could be ruled on by the court. *See Roberts,* 101 F.Supp.2d at 1086–87.

Accordingly, all requested deposition costs will be allowed, for a total of $4,562.38.

*Witness fees:* fees for Dr. Liu, Dr. Friedman, and Dr. Greenberg shall be allowed for the statutory amount of $40.00

for each day of deposition and trial testimony, including days reasonably spent in attendance at trial waiting to be called, for a total of $160.00 as to Dr. Friedman, $120.00 as to Dr. Liu, and $80.00 as to Dr. Greenberg. The defendant does not object to the amounts requested for these witnesses' travel and expenses, which will be allowed in the total amount of $1,525.68.

■ *Photocopying:* taxing photocopying expenses as costs depends on a showing that the papers were "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), which includes, at a minimum, documents used at trial and copies furnished to the court and opposing counsel. *Water's Edge*, 135 F.R.D. at 138–39. Copies obtained merely for the convenience of plaintiff's counsel, however, ordinarily are not allowed. *See Thomas v. Treasury Management Ass'n, Inc.*, 158 F.R.D. 364, 372 (D.Md.1994); *Robinson v. Burlington Northern Railroad Co.*, 963 F.Supp. 691, 694 (N.D.Ill.1997); *Helms v. Wal–Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D.Ga.1992).

■ The defendant does not object to the cost of copying the plaintiff's medical records, which shall be allowed. Over objection, the cost of copying the non-medical records, which were subpoenaed by defense counsel and relate to the plaintiff's claims, also will be allowed, as will the cost of copying the medical records for review by plaintiff's experts. The costs of copying photographs of the plaintiff and duplicating x-rays contained in her medical records also will be allowed, as I find the word "papers" in 28 U.S.C. § 1920(4) is broad enough to cover these reasonably necessary items. *See Water's Edge*, 135 F.R.D. at 137–38. Further, as I find that the exhibit binders were helpful to the jury's proper understanding of the issues in the case, those costs will be allowed. The "blow-ups" and photographic enlarge-

ments, however, while they may be taxable in certain cases, were not so necessary as to make the costs recoverable in this case. *Id.* at 138; *Charter*, 127 F.R.D. at 114.

■ The requested cost for in-house copying will be disallowed. Without questioning counsel's good faith in certifying that these costs were billed to Ms. Simmons in the ordinary course of litigation, and assuming the copies were made for the use of counsel in some fashion, nevertheless there does not appear to be a sufficient showing for the court to exercise its discretion to determine that these costs are properly reimbursable rather than incurred simply as a "convenience" to counsel. *See Id., Helms*, 808 F.Supp. at 1570; *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 499 (D.C.Ga.1984); *but see Movitz v. First Nat. Bank of Chicago*, 982 F.Supp. 571, 577 (N.D.Ill.1997) (holding that photocopying expenses were reasonable costs where the prevailing party asserted they were necessary and the other party failed to show that the costs were unreasonable or unnecessary). In the absence of more specific explanation, these costs will not be taxed. The total amount therefore allowed for copying costs is $4,476.30.

*Docket fee:* the defendant does not object to the $20.00 docket fee under 28 U.S.C. § 1923(a), which will be allowed.

Accordingly, for the reasons stated above, costs are taxed in favor of the plaintiff and against the defendant under Fed. R. Civ. Pro. 54(d), 28 U.S.C. § 1920, and Local Rule 109.1.b in the total amount of **$11,094.36.**