Robert M. WYNE et al., Plaintiff,

v.

MEDO INDUSTRIES, INC., Defendant.

No. CIV. RDB–02–1812.

United States District Court,
D. Maryland.
Northern Division.

Aug. 12, 2004.

Robert M. Wyne, Silver Spring, MD, pro se.

Nicolas W. Lewis, Point of Rocks, MD, pro se.

Dennis M. Ettlin, Brown and Sturm, Rockville, MD, for Plaintiffs.

Scott R. Schoenfeld, Washington, DC, and Joseph M. Beauchamp, Sharon A. Israel, Gregory L. Porter, and Jaime E. Rocha, Jenkens and Gilchrist PC, Houston, TX, for Defendant.

## MEMORANDUM OPINION

BENNETT, District Judge.

On March 25, 2004, this Court issued an Order and Judgment granting Defendant Medo Industries, Inc.'s ("Defendant") Motion for Summary Judgment on the grounds that the action was barred by the statute of limitations. Now pending is Defendant's Bill of Costs, which was filed pursuant to Local Rule 109.1 (D.Md.2001) and Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiffs *pro se* Robert M. Wyne and Nicholas W. Lewis (collectively "Plaintiffs") timely filed their opposition to Defendant's application for costs. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, this Court will GRANT in part and DENY in part Defendant's Bill of Costs.

## DISCUSSION

 Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs...." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs. *See Constantino v. American S/T Achilles,* 580 F.2d 121, 123 (4th Cir.1978). Indeed, the rule gives rise to a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 446 (4th Cir. 1999) (citing *Delta Air Lines, Inc. v. Au-*

*gust,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Teague v. Bakker,* 35 F.3d 978, 995–96 (4th Cir.1994)). Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2668 at 232 (3d ed.1998). Moreover, the United States Court of Appeals for the Fourth Circuit has stated that the district court "may not depart from the normal practice of awarding fees to the prevailing party [who has requested costs] without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.,* 899 F.2d 291, 296 (4th Cir.1990); *see Constantino,* 580 F.2d at 123 (reversing the district court's denial of costs where the court stated no reason for its action). An award of costs should be entered if a listed expense is authorized by statute, and is reasonably necessary to the litigation. *See Charter Medical Corp. v. Cardin,* 127 F.R.D. 111, 113 (D.Md.1989). Those expenses which may be taxed are delineated in 28 U.S.C. § 1920 (2004).[1] While an award of costs to a prevailing party is usual, the inclusion of various items within that award rests with the sound discretion of the trial court. *See Advance Bus. Sys. & Supply Co. v. SCM Corp.,* 287 F.Supp. 143, 162 (D.Md.1968), *aff'd* 415 F.2d 55 (4th Cir.1969) (recognizing that a trial court possesses broad discretionary powers in allowance or disallowance of costs); *Flint v. Haynes,* 651 F.2d 970, 973 (4th Cir.1981) (stating that Section 1920 enu-

1. Under Section 1920, a trial court may tax as costs the following:
 "(1) Fees of the clerk and marshal;
 (2) Fees of the *court reporter* for all or any part of the stenographic transcript necessarily obtained for use in the case;

 (3) Fees and disbursements for printing and witnesses;
 (4) Fees and disbursements for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under Section 1923."

merates the expenses that federal court may tax as a cost under the discretionary authority found in Rule 54(d)). With this standard in mind, the Court turns to an analysis of Plaintiffs' equitable arguments and the specific costs sought by Defendant.

## A. Equitable Considerations

■ Plaintiffs first argue that granting Defendant's Bill of Costs would be inequitable for two reasons. First, Plaintiffs argue that because their claim was not frivolous, they should not be made to pay Defendant's costs. (Pl.'s Opp'n to Def.'s Bill of Costs at 2.) Second, they maintain that the disparity in the parties' economic power militates against awarding costs to Defendant. *Id.* These arguments are insufficient to deny an award of costs.

■ Plaintiffs assert that this Court should not tax the costs associated with this case because they pursued their rights in good faith. They argue that they had a reasonable basis for bringing their claim and that there was a genuine issue of material fact as to when they discovered or should have discovered Defendant's alleged misappropriation of trade secrets.[2] However, the good faith pursuit of rights, alone, does not provide sufficient basis to avoid the presumptive taxation of costs. *Cherry,* 186 F.3d at 447. The Fourth Circuit has stated that considering good faith as an independent basis for denial of costs "would 'frustrate' the operation of Rule 54(d)(1) because the losing party in most cases has acted in good faith." *Id.; accord In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 451 (3d Cir.2000) (agreeing that "good faith" is not a relevant factor);

*White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 731 (6th Cir.1986) (stating that good faith is an insufficient basis for denying costs to a prevailing party); *Nat'l Info. Services, Inc. v. TRW, Inc.,* 51 F.3d 1470, 1472–73 (9th Cir.1995) ("If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d)(1) would have little substance remaining."); *AeroTech., Inc. v. Estes,* 110 F.3d 1523, 1527 (10th Cir.1997) (recognizing that all parties to a federal action have an obligation to act with proper purpose and thus, good faith is insufficient to permit the court to deny costs). Accordingly, Plaintiffs' good intentions alone do not entitle them to relief from the presumptive taxation of costs provided by Rule 54(d)(1). *Cherry,* 186 F.3d at 447.

Plaintiffs next argue that the relative economic disparity between themselves and Defendant, a subsidiary of a Fortune 500 company, makes taxing the costs associated with this litigation inequitable. (Pl.'s Opp'n to Def.'s Bill of Costs at 2.) The Fourth Circuit has plainly rejected this argument. *Cherry,* 186 F.3d at 448. Plaintiff cannot protest the taxation of costs solely on the basis that the prevailing Defendant enjoys significantly greater wealth. *Id.* In *Cherry,* the district court relied on the disparity between the parties' comparative economic power, among other things, to deny the defendant the costs ordinarily awarded to prevailing parties under Rule 54(d)(1). The Fourth Circuit reversed, finding that the district court exceeded its equitable discretion and undermined the "foundation of the legal system that justice is administered to all

---

**2.** Plaintiff's Motion to Reconsider was summarily dismissed on August 5, 2004. Accordingly, this Court will not address Plaintiffs' contention that the "closeness" of the statute of limitations issue justifies denying an award

of costs. *See Teague,* 35 F.3d at 996 (noting that factors that could justify denying an award of costs include the closeness and difficulty of issues decided).

equally, regardless of wealth or status." *Id.* (citing *Flint v. Haynes,* 651 F.2d 970, 973 (4th Cir.1981)); *see also Smith v. Southeastern Pa. Transp. Auth.,* 47 F.3d 97, 99 (3d Cir.1995) (per curiam) (holding that a district court could not base a decision to deny costs solely on the disparity of the parties' wealth); *Reed v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers, Local Union No. 663,* 945 F.2d 198, 204 (7th Cir.1991) (recognizing that it is not enough for the losing litigant to establish good faith and a disparity between the parties' financial situations).

■ The non-prevailing party's inability to pay, however, may excuse taxation of costs. *Cherry,* 186 F.3d at 447 (acknowledging that costs may possibly be denied if the losing litigant is of sufficiently modest means). While Plaintiffs maintain that they are of "modest means", they have not asserted that it would be difficult or impossible for them to pay the costs delineated in Defendant's Bill of Costs. *Id.* In fact, no record has been established that would permit this Court to conclude that these Plaintiffs should be relieved of their duty to pay costs. Merely stating that one is of "modest means" is insufficient to overcome the presumption that the losing party must pay the prevailing party's costs. *See Chapman v. Al Transp.,* 229 F.3d 1012, 1039 (11th Cir.2000) (noting that losing litigant's financial status is factor to be considered, but court must first require substantial documentation of true inability to pay costs); *Briscoe v. City of Philadelphia,* Civ.A. No. 95–1852, 1998 WL 52064, *2 (E.D.Pa. Jan. 28, 1998) (acknowledging that court may consider indigency but refusing to do so because plaintiff provided no documentation); *McGuigan v. CAE*

*Link Corp.,* 155 F.R.D. 31, 35 (N.D.N.Y. 1994) (refusing to reduce costs because plaintiff did not adequately document inability to pay).

## B. Specific Items In Defendant's Bill of Costs

■ Plaintiffs appear to make the following specific objections to the Bill of Costs: (1) Defendant's depositions were unnecessary or excessive; (2) Defendant's service of process and witness fees were unnecessary; and (3) Defendant's copying costs were excessive. The Court will address each of these points in turn.

### 1. *Deposition Costs*

■ Defendant seeks $4,494.27 associated with transcribing ten depositions.[3] Under 28 U.S.C. § 1920(2), the costs of an original deposition taken by the prevailing party are recoverable if they are "necessarily obtained for use in the case." *Cherry,* 186 F.3d at 449 (citing *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir. 1991)); *see also Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir.1993) (stating that "[w]hether a deposition ... was necessarily obtained for use in the case is a factual determination to be made by the district court; we accord great latitude to this determination"). The costs associated with a deposition are commonly awarded "when the taking of the deposition is reasonably necessary at the time of its taking." *LeVay Corp. v. Dominion Fed. Sav. & Loan Assoc.,* 830 F.2d 522, 528 (4th Cir.1987), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988); *see also* 10 Wright, Miller, & Kane, *Federal Practice & Procedure* § 2668 at 424 (3d ed.1998) (noting that when a deposition is

**3.** Defendant deposed the following individuals: (1) William Cahill; (2) Michael Clark; (3) Plaintiff Nicholas Lewis; (4) Tom Paul Liniak; (5) Stanley Nicpon; (6) Barry Schwartz; (7) Amy Townsend; (8) Plaintiff Robert Wyne; (9) Steven Wyne; and (10) Stuart Alan Zlotnick. (Def.'s Mem. In Support Of Its Bill of Cost Ex. C.)

not actually used at trial or to support a preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken).

■ This Court concludes, however, that it is reasonable to tax only those depositions submitted in connection with the dispositive motion that terminated the litigation.[4] The depositions of William Cahill, Robert Wyne, and Nicholas Lewis were used by Defendant in support of its Motion for Summary Judgment on the issue of statute of limitations. (Israel Decl. Ex. J, M, O.) Accordingly, these depositions are properly taxable because they were reasonably necessary at the time of their taking and were submitted in connection with the event which terminated the litigation.[5] The Court, in its discretion, will not tax the costs of the other seven depositions because they were not submitted on the statute of limitations issue. *See Advance Bus. Sys. & Supply Co.,* 287 F.Supp. at 162 (recognizing that a trial court possesses broad discretionary powers in allowance or disallowance of costs).

■ Plaintiffs allege that Defendant's improper conduct is responsible for the excessive transcript costs. (Pl.'s Opp'n to Def.'s Bill of Costs at 3.) The Fourth Circuit has recognized that the excessiveness of an award of costs is a factor justifying the denial of costs to the prevailing party.

*Cherry,* 186 F.3d at 446; *see also In re Paoli,* 221 F.3d at 468 (interpreting *Cherry's* language about the "excessiveness" of a costs award to mean that "a prevailing party's bad conduct may be responsible for excessive costs, *not* that the sheer size of a costs award is a relevant factor in and of itself") (emphasis in original). Plaintiffs have not shown that the length of their own depositions were a product of Defendant's improper conduct. The length of the depositions (247 and 355 pages, respectively) are not so extraordinary as to indicate on its face that the Defendant's questioning or objections were excessive, and Plaintiffs offer no citations to the transcript to support their claim. (Pl.'s Opp'n to Def.'s Bill of Costs at 3.) Plaintiffs also have not identified any excessive transcript costs or undue delay in the deposition of William Cahill. *Id.* Because the Cahill, Lewis, and Wyne depositions were submitted in connection with the event which terminated the litigation and because there is no credible evidence of improper conduct by the prevailing party, the requested transcript costs associated with those depositions will be allowed, for a total of $2332.50.[6]

### 2. Service of Process and Witness Fees

■ Defendant seeks $546.20 associated with serving subpoenas on seven fact witnesses.[7] While 28 U.S.C. § 1920(1)

---

4. *See generally Taxation Of Costs In A Civil Case In The United States District Court For The District Of Maryland* at 6 (2002), *available at* http://www. mdd.uscourts.gov/webdatapages1/Forms/taxationcosts.PDF (August 9, 2004) (stating that only those depositions which were submitted in connection with the event which terminated the litigation are taxable).

5. Defendant has filed the requisite invoices from the Cahill, Lewis and Wyne depositions to support the actual costs of the depositions. (Def.'s Mem. In Support of Its Bill of Costs Ex. D.)

6. The Court finds it reasonable to tax the cost of a deposition at the lower of the actual cost or $3.50 per page for an ordinary transcript. *See generally Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 6.

7. A private process server was used to serve subpoenas on (1) William Cahill; (2) Michael Clark; (3) Tom Paul Liniak; (4) Stanley Nicpon; (5) Barry Schwartz; and (6) Steven Wyne. (Def's Mem. In Support of Its Bill of Costs Ex. C, D.)

permits the taxation of costs associated with service of process and subpoenas by the U.S. Marshal's service, most courts recognize that private process server fees are also taxable against the losing party. *See E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir.2000) (holding "that private process server fees may be taxed pursuant to § 1920(1)"); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996) ("We think it best to resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."); *United States for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2d Cir.1996) ("The court believes the taxation of costs for special process servers is justifiable.") (internal citation omitted); *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46, 55 (D.P.R. 1991), *aff'd*, 959 F.2d 1149 (1st Cir.1992) (awarding costs of private process server because of the trend towards substitution of private servers for U.S. Marshals). *But see Crues v. KFC Corp.*, 768 F.2d 230 (8th Cir.1985) (stating that Section 1920 contains no provision for the expenses of a special process server). Although the Fourth Circuit has not yet addressed the ambiguity in Section 1920(1), the Court recognizes that the fees associated with private process servers are taxable costs. *See generally* Local Rule 103.2b (limiting the circumstances in which a U.S. Marshal can serve process or subpoenas).

The Court, in its discretion, will only tax the private process server fees associated with the depositions that terminated this litigation. There were no private process server fees or witness fees incurred in connection with the Plaintiffs' depositions. (Def.'s Mem. In Support of Its Bill of

Costs Ex. C, D.) Accordingly, the Court will only tax the service of process fees associated with the Cahill deposition, for a total of $59.20. With regard to the witness fees associated with the Cahill deposition, Defendant is claiming $44.96. There is no documentation provided to the Court to support this figure. *Id.* Therefore, the Court will only tax service of process fees for a total of $59.20.

### 3. *Exemplification and Copy Fees*

■■■ Under 28 U.S.C. § 1920(4), Defendant seeks $504.90 for exemplification and copies of papers necessarily obtained for use in the case. (Def.'s Mem. In Support Of Its Bill of Cost Ex. E, F.) It is well established that costs incurred in copying depositions, exhibits and other documents for use in the case are taxable against the non-prevailing party. *Simmons v. O'Malley*, 235 F.Supp.2d 442, 444 (D.Md.2002) (stating that taxable photocopying expenses include photocopies "furnished to the court and opposing counsel"); *Bd. of Dirs., Water's Edge v. Anden Group*, 135 F.R.D. 129, 139 (E.D.Va.1991) (recognizing that the expense of copying materials reasonably necessary for use in the case are recoverable costs). Copies obtained merely for the convenience of counsel, however, ordinarily are not allowed. *See Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 372 (D.Md. 1994).

Defendant maintains that all of the copying expenses for which it seeks reimbursement are for documents furnished to the Court or opposing counsel. (Def.'s Mem. In Support of Its Bill of Costs at 5; Ex. E.) The amount requested for copies is reasonable given the nature of this case and the number of submissions,[8] and the

---

**8.** Plaintiffs' contention that the copying costs are excessive because of Defendant's allegedly

unresponsive discovery filings in unavailing because Defendant does not seek reimburse-

Court is satisfied that the copies were solely provided to the Court and to opposing counsel or Plaintiffs. Accordingly, all exemplification and copy costs will be allowed, for a total of $504.90.[9]

### CONCLUSION

Accordingly, for the reasons stated above, costs are taxed in favor of Defendant and against Plaintiffs under Fed. R.Civ.P. 54(d)(1), 28 U.S.C. § 1920, and Local Rule 109.1.b in the total amount of $2896.60. A separate order will follow.

### ORDER

Upon consideration of Defendant's Bill of Costs (Paper 84), Plaintiffs' opposition thereto, and the documents submitted in connection therewith, and for the reasons stated in the foregoing Memorandum Opinion;

IT IS HEREBY ORDERED, this 12th day of August, 2004, that the Defendant's Bill of Costs is GRANTED in the amount of $2896.60;

IT IS FURTHER ORDERED that the Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to Plaintiffs and Defendant's counsel.

ment for discovery documents. (Pl.'s Opp'n to Def.'s Bill of Costs at 3–4; Def.'s Mem. In Support of Its Bill of Costs Ex. E.) *See generally Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 8 (stating that the copies associated with discovery documents are not taxable against the non-prevailing party).

9. The Court finds that it is reasonable to tax the cost of a deposition at the lesser of the actual cost or $0.15 per page. *See generally Taxation Of Costs In A Civil Case In the United States District Court For The District of Maryland* at 9.