**Roldan Cardona RODRIGUEZ, et al., Plaintiffs,**

**v.**

**MARBLE CARE INT'L., INC., Robert Segurola, Defendants.**

Case No. 10–23223–CIV.

United States District Court, S.D. Florida, Miami Division.

Feb. 8, 2012.

Daniel T. Feld, K. David Kelly, Jamie H. Zidell, J.H. Zidell, Miami Beach, FL, for Plaintiffs.

Chris Kleppin, Kristopher Walter Zinchiak, Glasser Boreth & Kleppin, Plantation, FL, for Defendants.

Robert Segurola, Hallandale, FL, pro se.

## *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendants' Verified Motion to Tax Costs [D.E. 72].

**THE COURT** has conducted a *de novo* review of the file and is otherwise fully advised in the premises.

**THIS MATTER** was assigned to the Honorable United States Magistrate Judge Jonathan Goodman. The Magistrate Judge issued the instant Report recommending that Defendants be awarded $1,251.61 in costs with post-judgment in-

terest pursuant to 28 U.S.C. § 1961 at the statutory rate from March 30, 2011, the date of Final Judgment [D.E. 88]. The parties filed no objections to the Magistrate's Report.

Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Goodman's Report is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety [D.E. 88]. It is further

**ORDERED AND ADJUDGED** that Defendants' Verified Motion to Tax Costs [D.E. 72] is **GRANTED** in part. Defendants are awarded $1,251.61 in costs pursuant to 28 U.S.C. § 1920, plus post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate of 0.26% from the date of Final Judgment, March 30, 2011.

### REPORT AND RECOMMENDATIONS ON VERIFIED MOTION TO TAX COSTS

JONATHAN GOODMAN, United States Magistrate Judge.

This matter is before me on Defendants' Verified Motion to Tax Costs. (DE# 72.) Defendants request $1,932.61 in costs. Because some of the costs Defendants seek are not recoverable under 28 U.S.C. § 1920, I respectfully recommend that the District Court award Defendants only $1,251.61 in costs with post-judgment interest pursuant to 28 U.S.C. § 1961 at the statutory rate from March 30, 2011, the date of Final Judgment.

### I. Background

United States District Judge Donald L. Graham granted Defendants' motion for summary judgment on March 14, 2011. (DE# 66.) Judge Graham then entered a Final Judgment for Defendants on March 30, 2011. (DE# 71.) Defendants filed a verified motion to tax costs and a support-

ing memorandum on April 28, 2011. (DE# 72.) On the same day, Plaintiffs filed a response opposing Defendants' motion to tax costs on the ground that Defendants do not justify the expedited delivery costs of three deposition transcripts. (DE# 73.)

The motion to tax costs was referred to me for a report and recommendations by the Honorable Donald L. Graham, United States District Judge, on May 2, 2011. (DE# 74.) On May 9, 2011, Defendants filed an unopposed motion for an extension to file their reply. (DE# 75.) I granted Defendants' motion for an extension of time to file their reply on May 11, 2011, and Defendants filed their reply on May 16, 2011. (DE# 77; DE# 78.)

### II. Legal Standard

■ Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A "prevailing party" for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered, regardless of the amount of damages awarded. *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir.2002).

Specific costs which may be awarded are set forth in 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials

where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

█ When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1333 (S.D.Fla.2009). Nonetheless, a court is limited to taxing only those costs specifically authorized by statute. *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir.2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

█ The prevailing party is entitled to post-judgment interest from the date of the original judgment on the award of costs pursuant to 28 U.S.C. § 1961(a), which states:

Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts

shall distribute notice of that rate and any changes in it to all Federal judges. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir.1994) (citing *Georgia Ass'n of Retarded Citizens*, 855 F.2d 794, 799 (11th Cir. 1988)). *See also generally Chiever v. R.J. Schor, Inc.*, No. 08–60461–CIV, 2008 WL 4097795, at *1 (S.D.Fla. Sept. 2, 2008).

Defendants are the prevailing party in this case based on the District Court's entry of Final Judgment in their favor. (DE# 71.) Defendants are therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920 and post-judgment interest on those costs pursuant to 28 U.S.C. § 1961.

### III. Costs Analysis

Defendants seek three categories of costs: (a) copying; (b) deposition transcripts; and (c) interpreter fees. I will address the Defendants' requests on a category-by-category basis.

#### a. Copying

█ Defendants request a total of $226.86 in copying costs for in-house copying. To determine whether copying costs are recoverable under 28 U.S.C. § 1920, a district court must "consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue [for use in the case]." *W & O, Inc.*, 213 F.3d at 623. "Charges for photocopies made merely for the *convenience* of counsel or the parties, however, are not taxable." *K.S.R. X–Ray Supplies, Inc. v. Southeastern X–Ray, Inc.*, No. 09–81454–CIV, 2010 WL 4960959, at *1 (S.D.Fla. Dec. 1, 2010) (emphasis added).

█ In this instance, the requested copying costs are unopposed. (*See* DE# 73.) Moreover, Defendants attached documentation of photocopier counter records that appears to support that a total of

1,194 copies were made at $.19 per page and necessarily used in the case as letters, discovery exhibits, attachments, and exhibits for depositions. (DE# 72, p. 4.) The costs for these copies do not strike the Court as inherently unreasonable. *See Wyne v. Medo Indus. Inc.*, 329 F.Supp.2d 584, 590 (D.Md.2004) (awarding exemplification costs in part because the "amount requested for copies is reasonable given the nature of this case and the number of submissions"). I therefore respectfully recommend that the District Court award Defendants **$226.86** in copying costs, the full amount requested.

### b. Deposition Transcripts

■ Defendants seek $1,450.75 for expenses associated with deposition transcripts. (DE# 72, pp. 5–9.) The cost of a deposition transcript itself is generally recoverable under § 1920 as long as it was "necessarily obtained for use in the case." *American Cas. Co. of Reading, Pa. v. Health Care Indent., Inc.*, No. 8:07–CV–0421–T–33EAJ, 2009 WL 1456429, at *1 (M.D.Fla. May 22, 2009) (quoting *W & O*, 213 F.3d at 621). *But see also Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1338 (S.D.Fla.2009) (reviewing the cases and concluding that a "conflict also exists in this Circuit" regarding whether copies, as opposed to originals, of deposition transcripts are taxable).

■ But transcript shipping and handling costs are *not* recoverable. *Castillo v. Teledyne Cont'l Motors, Inc.*, No. 08–21850–CV, 2011 WL 1343051, at *2 (S.D.Fla. March 16, 2011) (report and recommendations), 2011 WL 1337232 (order adopting) (S.D.Fla. April 7, 2011) (Gold, J.). Costs for transcript exhibits and condensed (or "mini") versions of a transcript are only recoverable where the moving party demonstrates that these items were necessary and not merely ordered for the

convenience of counsel. *Woods v. DeAngelo Marine Exhaust, Inc.*, No. 08–81579, 2010 WL 4116571, at *8 (S.D.Fla. Sept. 27, 2010). Other fees of the court reporter, such as an appearance fee, are also generally not recoverable under § 1920. *See Miles v. Jones*, No. 08–20612–CIV–MOORE/GOODMAN, DE #187, 199 (S.D.Fla. Feb. 4, 2011) (collecting authorities on the issue and concluding that after the 2008 amendment to § 1920, only fees for the transcript itself are recoverable).

■ Defendants seek deposition costs for the named parties, Plaintiffs Roldan Rodriguez and Raul Rodriguez, and for Defendant Robert Segurola. (DE# 72, p. 8.) Defendants demonstrate that all depositions were necessarily obtained "to ascertain the basic facts of the case" and for use in Defendants' summary judgment motion. (DE# 72, p. 8.) Defendants also seek reimbursement for *expediting* these transcripts, and other deposition-related expenses, such as $25.00 for a condensed version of Segurola's transcript, $32.50 for courier fees, and $155.00 for a court reporter attendance fee.

Plaintiffs did not oppose the costs for a condensed transcript or for copies of the transcripts and the Court will therefore assume that the necessity of these costs was fully explained to Plaintiffs' satisfaction during the pre-filing conference. Thus, these costs should be awarded *See Monelus*, 609 F.Supp.2d at 1339 (awarding costs of transcript copies if undisputed). However, Defendants are not entitled to recover the other deposition-related expenses of courier fees or the court reporter attendance fee for the reasons stated above.

Additionally, Defendants are only entitled to recover the standard costs, and not the expedited costs, for delivery of the transcript copies. In their reply, Defendants reveal that expediting transcripts

was solely for the convenience of their counsel. (DE# 78.) Although defense counsel had several other pending matters that were going to trial around the same time, the summary judgment deadline for *this* case was January 18, 2011.

Defense counsel acknowledges the normal delivery time for transcripts is ten business days from the date they are taken. (DE# 78.) Because the depositions took place on December 21 and 22, 2010, by their own account defense counsel had more than enough time to wait for a standard delivery of the transcripts before the summary judgment deadline in *this* case (ten days from December 22nd is only January 1st). This is especially true given that defense counsel candidly acknowledges that most of the work on the summary judgment motion was completed on December 27, 2010, and therefore presumably counsel was merely waiting to plug citations to the transcript into and to attach the transcript itself to the motion. Far from establishing otherwise, defense counsel's explanation only confirms that expedited transcripts were needed due to *defense counsel's* other obligations.

According to Defendants, the non-expedited rate for Mr. Segurola's transcript copies is $4.00 per page and $4.15 per page for the Plaintiffs' transcript copies. (DE# 78.) Thus, Defendants are entitled only to $769.75 for transcripts and related costs ($392.00 (98 pages × $4.00) for Segurola's transcript + $352.75 (85 pages × $4.15) for Plaintiffs' transcripts + $25 (condensed Segurola transcript)).

### c. Interpreter Fees

▮ Defendants request $255.00 under 28 U.S.C. § 1920(6) for the use of an interpreter during the depositions of both Plaintiffs. Defendants explain that "Plaintiffs insisted on having an interpreter at their deposition," and therefore the questions were given to Plaintiffs in Spanish, their native language. (DE# 72, p. 10.) As the interpreter fees are recoverable under the plain language of § 1920(6) and Plaintiffs make no objections to Defendants' request, I respectfully recommend that the District Court award Defendants $255.00 for interpreter fees, the full amount requested.

## IV. Post–Judgment Interest

Defendants seek interest on taxable costs accruing from the date of Final Judgment, March 30, 2011. (DE# 72, p. 11.) According to § 1961(a), the post-judgment interest rate is determined by the "weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

▮ Judge Graham entered a Final Judgment for Defendants on March 30, 2011. (DE# 71.) Defendants, as the prevailing parties, are entitled to interest on any taxable costs beginning on this date. According to the Board of Governors of the Federal Reserve System, on the week ending March 25, 2011 (the week preceding the date of judgment), this interest rate was 0.26%.[1] I therefore respectfully recommend that the District Court award Defendants post-judgment interest on their taxable costs at the rate of 0.26%, accruing as of March 30, 2011. *See Monelus*, 609 F.Supp.2d at 1339.

## V. Conclusion

I respectfully recommend that the District Court award Defendants $1,251.61 in costs pursuant to 28 U.S.C. § 1920, plus post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate of 0.26% from

---

1. http://www.federalreserve.gov/releases/h15/ 20110328/ (last visited June 28, 2011).

the date of Final Judgment, March 30, 2011.

## VI. Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within 14 days of the objections. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this report and bar the parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir. 1988)).