Dorothy HELMS, Administrator
for Estate of Annie Fain, and
William Fain, Plaintiffs,

v.

WAL–MART STORES, INC., Defendant.

No. 1:91–CV–1532 JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 3, 1992.

Dorothea L. Russell, Thomas F. Tierney, Decatur, GA, for plaintiffs.

Howard M. Lessinger, McLain & Merritt, Atlanta, GA, for defendant.

### ORDER

CARNES, District Judge.

This case is presently before the court on defendant's bill of costs [# 46–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's objections to defendant's bill of costs [# 47–1] should be GRANTED in part and DENIED in part.

## A. BACKGROUND

In September, the court granted summary judgment in this case for defendant. Defendant then submitted a "Bill of Costs" pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Plaintiff objected to the following of defendant's costs: photocopy charges ($221.10), medical records charge ($43.25), expert witness deposition fee ($400.00), and court reporter charges for all depositions, except the deposition of Dorothy Helms.

## B. DISCUSSION

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.P. 54(d). Rule 54(d) does not give a district judge "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). The Supreme Court has held that district courts must limit costs awarded under Rule 54(d) to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). Taxable costs pursuant to 28 U.S.C. § 1920 include:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (Supp.1992).

The Eleventh Circuit has not determined whether the prevailing party must prove it is entitled to each cost or whether instead the non-prevailing party must show reasons why the prevailing party should not receive the cost. Judge Black addressed the burden of proof under Rule 54(d) and 28 U.S.C. § 1920 in *Desisto College v. Town of Howey–in–the–Hills*, 718 F.Supp. 906, 910 n. 1 (M.D.Fla.1989), *aff'd* 914 F.2d 267 (11th 1990). She noted that district courts in this circuit have applied different presumptions when considering the issue of costs. Judge Black held that the burden of proof should be placed on the prevailing party as to costs that are matters within the exclusive knowledge of the prevailing party. On all other costs, however, the non-prevailing party should have the burden of proof. *Id.*

The judge noted, for example, that only the prevailing party would know how its photocopying charges had been spent. On the other hand, the judge also held that the reasons for taking a deposition are not within the prevailing party's exclusive knowledge, and therefore, the non-prevailing party should demonstrate why the costs for a deposition should not be taxed. *Id.; Cf. Neely v. General Electric Co.*, 90 F.R.D. 627, 630 (N.D.Ga.1981) (Tidwell, J.) (holding that the party who took the deposition had exclusive knowledge of the reasons for taking it and must justify an award of costs).

■ Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party," implying that the court should routinely award costs unless the other party can show a reason that the court should not award costs. When the prevailing party exclusively knows the reason for the cost, however, the prevailing party should show why the cost was reasonably necessary under 28 U.S.C. § 1920.

### 1. *Photocopying Charges*

■ Plaintiff here objects to defendant's photocopying costs of $221.10. Section 1920 provides for fees for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies obtained for the convenience of counsel are not recoverable. *Desisto College*, 718 F.Supp. at 913. Defendant has not explained why it made the copies; defendant merely asserted in an affidavit that all of the costs that it is seeking were "reasonable and necessarily incurred in the defense."

■ The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D.Ga.1992) (Forrester, J.); *Desisto College*, 718 F.Supp. at 914. A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made. *Corsair Asset Management, Inc.*, 142 F.R.D. at 353. Defendant here has not explained the use of the copies for which he asks the court to award costs. Therefore, the court will deny these costs.

### 2. *Medical Records*

■ Plaintiff also objects to defendant's costs of obtaining medical records. Section 1920(4) provides for the taxation of costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff contends that defendant must itemize the records and show them to be costs for reproductions that were offered into evidence or used in the case. If this case had proceeded past summary judgment, defendant may have introduced the records to dispute the amount of damages. Plaintiff should be able to explain to the court why these records were not necessary to defendant's case. Since plaintiff has not shown that these records were not necessary, the court will tax the costs to

plaintiff. *Desisto College*, 718 F.Supp. at 908.

### 3. *Depositions*

In its bill of costs, defendant also seeks the court reporter charges for eight depositions. Of these eight depositions, defendant noticed three—Dorothy Helms, Dr. Feliciano, and Charles Garland—and plaintiff noticed the remaining five. Plaintiff asserts that defendant should only receive costs for the deposition of Dorothy Helms, the plaintiff. Plaintiff contends that the defendant should not be able to recover for the depositions of Charles Garland and Dr. Feliciano,[1] which depositions defendant noticed, because the depositions concerned the damages aspect of the case, which the court never addressed.[2] Plaintiff also objects to defendant receiving costs for the depositions of Ola Quinn, Harrison Anderson, Reginald Coffin, Alex Compton, and Bishop Thompson, because they were taken by plaintiff only for discovery purposes.

The court will deal first with costs for the two depositions taken by defendant: Dr. Feliciano and Dr. Garland.[3] The cost of taking a deposition is taxable under Rule 54(d) only if the deposition was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). A court's determination as to whether a deposition was necessarily obtained "depends upon a factual evaluation by the district court in terms of the case's progress." *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982) (Hall, J.). The court must decide if the deposition appeared to be reasonably necessary to the parties in light of the particular situation existing *at the time it was taken.* *George R. Hall, Inc.*, 532 F.Supp. at 994, *citing, Electronics Specialty Co. v. International Controls Corp.*, 47

F.R.D. 158, 162 (S.D.N.Y.1969) (emphasis in original).

The district court has discretion in determining whether the non-prevailing party has shown that a deposition was not necessarily taken within the meaning of the statute. *Desisto College*, 718 F.Supp. at 908. Moreover, "a deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *George R. Hall, Inc.*, 532 F.Supp. at 994, quoting *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62 (N.D.Ga. 1981). In addition, since both parties should be aware of the reasons to take a deposition, this court holds that the non-prevailing party should explain why the court should not grant that cost. *Desisto College*, 718 F.Supp. at 908.

According to plaintiff, defendant took Charles Garland and Dr. Feliciano's depositions in order to investigate the damages aspect of the case, which was not an issue in the summary judgment motion. This court cannot find that the depositions were not necessarily obtained for use in the case, however. Defendant had to complete discovery before it filed for summary judgment, and therefore, defendant needed to prepare for the possibility of a trial. Defendant may have used the depositions as evidence had the case gone to trial. Certainly, had defendant prevailed at trial, these costs would have been taxable against plaintiff. To refuse costs where the plaintiff's case was too weak to get to a jury would constitute an odd result. Accordingly, the court taxes to plaintiff the costs attributable to the court reporter's charge[4] for Charles Garland and Dr. Feliciano's depositions.

---

1. Plaintiff also objects to the deposition costs of Linda Arrant and William Fain. Since defendant did not list costs for these depositions in his bill of costs, the court will not award costs for the two depositions.

2. The court did not address the damages issues because it granted summary judgment for defendant on the question of liability.

3. Plaintiff agrees that costs for Dorothy Helms' deposition are appropriate.

4. The court assumes that defendant's costs for these three depositions that it took reflect only the costs for the original transcript prepared by the court reporter taking the deposition, not costs for any additional copies of the deposition.

Plaintiff also contests the costs for depositions taken of witnesses whose depositions were noticed by plaintiff. The court assumes that these costs reflect only the cost of copies [5] of the depositions, since presumably plaintiff would have paid the reporter's charge for the original transcript of the deposition. Copies of depositions taken by opposing parties represent taxable costs, if the depositions, themselves, were necessary. *George R. Hall, Inc.*, 532 F.Supp. at 995. The court finds that the depositions noticed by plaintiff were necessarily obtained for use in the case. Plaintiff took the depositions at issue during discovery, before defendant filed its motion for summary judgment. Defendant relied upon the depositions of Dorothy Helms, Ola Quinn, Reginald Coffin, Harrison Anderson, Bishop Thompson, and Alex Compton in its motion for summary judgment. The court considered the depositions in deciding whether to grant summary judgment for the defendant. Therefore, these depositions were necessarily obtained for use in the case, and the costs of copies should be taxed to plaintiff.

4. *Expert Witness Fees*

Plaintiff additionally objects to the expert witness deposition fee ($400.00) listed in defendant's bill of costs. The power of the trial judge to tax witness costs is conferred by 28 U.S.C. § 1920(3); however, the amount of witness fees that may be charged under section 1920(3) is governed by 28 U.S.C. § 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). A district court cannot grant the cost of a witness fee that is higher than the forty dollars set forth in section 1821.[6] *Id.*

The defendant did not provide the length of the witness's testimony for the deposi-

tion. The court, therefore, will order a witness fee of forty dollars per day for his testimony.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's objection to the photocopying costs and expert witness deposition fee. Additionally, the court TAXES against plaintiff forty dollars per day for the expert's testimony as the witness fee pursuant to 28 U.S.C. § 1821. The court also DENIES plaintiff's objections to defendant's bill of costs for the court reporter charges and for the costs of the medical records, and TAXES the costs of these charges against the plaintiff.

SO ORDERED.

---

*George R. Hall, Inc.*, 532 F.Supp. at 995 (the costs for copies of depositions taken by the prevailing party are generally not taxable as costs). If the court's assumption is incorrect, the defendant should file an amended bill of costs that deducts the costs of additional copies of depositions that defendant ordered, as opposed to the court reporter's charge for preparing the original.

**5.** *See* note 4, *supra*.

**6.** 28 U.S.C. § 1821(b) provides: A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. 28 U.S.C. § 1821(b) (Supp.1992).