PER CURIAM:
Romano Salvatori, a former employee of Westinghouse Electric Corporation (“Westinghouse”), filed this action pursu *1245 ant to the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621-34 (1994). Following a jury trial, the jury found that Westinghouse had discriminated against Salvatori based on his age, but that Salvatori was not entitled to the damages he sought. The district court entered judgment in favor of Salvatori and, as part of that judgment, allowed him to apply for attorney’s fees. Westinghouse filed a motion to alter or amend the judgment. In that motion, Westinghouse asked the court to enter judgment in favor of Westinghouse, to allow Westinghouse to recover its costs, and to eliminate that portion of the judgment that allowed Sal-vatori to apply for costs. Salvatori subsequently moved for reasonable attorney’s fees and costs. Westinghouse opposed the motion on the ground, inter alia, that Sal-vatori was not a “prevailing party” and, therefore, was not entitled to attorney’s fees. See R15-138 at 3-5. The district court denied Westinghouse’s motion to alter or amend the judgment, and concluded that Salvatori was entitled to attorney’s fees and costs. The court noted that, although other analogous civil rights legislation required that a plaintiff “prevail” in a lawsuit to give rise to an entitlement to attorney’s fees, the ADEA did not share identical fee-shifting language to that present in statutes identified by Westinghouse. The court further found that the ADEA mandated an award of attorney’s fees to a plaintiff who had been awarded “any judgment,” see R16-153 at 5, and that term encompassed a judgment based solely on the merits. Westinghouse appeals the district court’s decision to deny its motion to alter or amend the judgment and, again, argues that Salvatori is not entitled to attorney’s fees.
While this appeal was pending, we addressed and decided precisely the question at issue in this case — that is, whether a plaintiff who obtains a favorable jury verdict on the merits of an ADEA claim, but receives no damages, is entitled to attorney’s fees. In Nance v. Maxwell Fed. Credit Union, 186 F.3d 1338, (11th Cir.1999), we determined that a plaintiff who had succeeded on the merits of an ADEA claim nonetheless had failed to prove injury based on that discriminatory conduct. Based on this finding, we vacated the district court’s award of back pay and front pay. See id. at 1342. Furthermore, we reasoned that, because the plaintiff had not received an enforceable judgment and, as a result, had not “prevailed,” as that term has been used in other civil rights contexts, she also was not entitled to attorney’s fees. See id. at 1342.
We conclude that our decision in Nance directly controls our disposition of the instant case. Like the plaintiff in Nance, Salvatori has achieved success on the merits of his claim but has not obtained a judgment, either in the form of damages or equitable relief, that the court may enforce against Westinghouse. Consistent with our decision in Nance, therefore, we determine that Salvatori is not entitled to attorney’s fees. We therefore REVERSE the district court’s order denying Westinghouse’s motion to alter or amend the judgment, and REMAND this case for further proceedings in light of this opinion.
REVERSED AND REMANDED.