381 B.R. 394 (2007)
In re Otsenre E. MATOS and Joyce Ann Parks-Matos, Debtors.
The Cadle Company, Plaintiff,
v.
Otsenre E. Matos, individually and as Trustee of the Matos Trust U/T/D 1/1/90 and Joyce Ann Parks-Matos, individually and as Trustee of the Matos Trust U/T/D 1/1/90, Defendants.
Bankruptcy No. 01-7135-8G7. Adversary No. 02-713.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
April 3, 2007.
Keith A. Graham, Marchena & Graham PA, Orlando, FL, for Plaintiff.
*395 Stephen R. Leslie, Susan II. Sharp, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Defendants.
ORDER ON MOTION TO TAX COSTS AND THE CADLE COMPANY'S OBJECTION TO THE DEFENDANTS' BILL OF COSTS
PAUL M. GLENN, Chief Judge.
THIS ADVERSARY PROCEEDING came on for hearing on the Motion to Tax Costs filed by the Defendants and on The Cadle Company's Objection to Defendants' Bill of Costs.
The Debtors, Otsenre E. Matos and Joyce Ann Parks-Matos, filed a Chapter 7 petition on April 20, 2001, and received their discharge on September 7, 2001. Subsequently, The Cadle Company (Plaintiff) commenced this adversary proceeding against the Debtors (Defendants) to revoke their discharge pursuant to 11 U.S.C. § 727(d). On September 6, 2006, the Court entered a Final Judgment in favor of the Defendants.
Pursuant to 28 U.S.C. § 1920, Fed. R.Civ.P. 54(a)(c), Fed. R. Bankr.P. 7054 and L.R. 7054-1, the Defendants filed a Motion to Tax Costs and a Revised Bill of Costs in the total amount of $3,587.13 for fees of the clerk, fees for copies, and transcript costs. The Plaintiff filed an objection to the Defendants' Bill of Costs, objecting to the amount for "copies of papers necessarily obtained for use in the case." There was no objection to the fees of the clerk ($8.00) or the transcript costs ($470.15). The Defendants subsequently filed a Second Revised Bill of Costs, subtracting an earlier payment from the Plaintiff in the amount of $938.20 for copy costs, with a net. requested amount for "Fees for copies of papers necessarily obtained for use in the case" of $2,170.78.

Discussion
Federal Rule of Bankruptcy Procedure 7054(b) provides that the Court ". . . may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." The Defendants, as the prevailing party, have filed a motion to tax costs to the Plaintiff pursuant to 28 U.S.C. § 1920. Section 1920 provides as follows:
28 U.S.C. § 1920. Taxation of costs
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title . . .
The Plaintiff objects on the basis that the photocopying costs in the Defendants' Second Revised Bill of Costs do not satisfy the requirement of 28 U.S.C. § 1920(4), that is, that the copies were not "necessarily obtained for use in the case." Allowable costs are limited to the categories in § 1920; therefore, expenses that are not authorized by statute must be borne by the Party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).
*396 The standard used in awarding costs for copies "necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4) has been expressed by Courts in the Middle District of Florida and affirmed by the Eleventh Circuit Court of Appeals.[1]
Under § 1920(4), photocopying "necessarily obtained for use in the case" is compensable. In making `this determination, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." U.S.E.E.O.C. v. W & O, Inc., supra 213 F.3d at 623. Although a prevailing party may not recover for general photocopying, Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996), photocopying costs "attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." Desisto College, Inc. v. Town of Howeyin-the-Hills, supra, 718 F.Supp. at 913; see also U.S.E.E.O.C. v. W & O, Inc. supra, 213 F.3d at 623 ("copies attributable to discovery are a category of copies recoverable under § 1920(4)").
The burden of establishing entitlement to photocopying expenses lies with the prevailing party. See Desisto College, Inc. v. Town of Howey-in-the-Hills, supra, 718 F.Supp. at 910, n. 1; Fulton Federal Savings and Loan Assoc. of Atlanta v. American Ins. Co., 143 F.R.D. 292, 300 (N.D.Ga.1991)(explaining that the party seeking to recover photocopy costs must come "forward with evidence showing the nature of the documents copied and how they were used"). However, this does not require an accounting for each" photocopy because that would make it impossible economically to recover those expenses. Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 634 (7th Cir,1991).
Dillon v. Axxsys International, Inc., 2006 WL 3841809, *7 (M.D.Fla.).
In Dillon the Court found that: "Conspicuously missing from the exhibit is the nature of the photocopying. [Citation omitted] Thus, `document production' is too vague to permit the court to make the determination of whether the photocopying was `necessarily obtained for use in the case.' § 1920(4). Since the plaintiffs have not described the photocopying costs sufficiently to permit a determination of whether the photocopies were necessarily obtained for use in the case, reimbursement . . . should be rejected." Id. at *7.
In Long v. Athos Corp., 2006 WL 1722350 (M.D.Fla.), the plaintiff failed to provide a description of what was copied or why the photocopies were necessary for litigation, and such costs were denied. Id. at *3. Also see American Home Assurance Co. v. The Phineas Corp., 2004 WL 3142554, *3 (M.D.Fla.); Helms v. Wal-Mart Stores, Inc., 808 F.Supp. 1568, 1570 (N.D.Ga.1992); and Desisto College, Inc. v. Howey-in-the-Hills, 718 F.Supp. 906, 913-914 (M.D.Fla.1989), aff'd 914 F.2d 267 (11th Cir.1990)(Table).
The Defendants' Second Revised Bill of Costs lists seven separate copy expenses allocated to the Defendants, showing a date and dollar amount billed, but without any further detail. The period covered extends over three and one half years. There is no indication of the nature of the documents copied and how they were used. The Defendants state that *397 "copying charges were $3,108.98 representing approximately 12,436 [footnote omitted] copies, of which Cadle, paid $938.20 or representing approximately 3753 copies. As the Court noted, over 6,000 [pages] of documents were produced to Cadle, thus clearly Cadle's reimbursement did not cover all of the documents that were provided in response to their document request. The Debtors are seeking [the additional] copying costs of approximately $2,170.78 or approximately 8,684 copies, which represent copies provided to Cadle as well as a complete single copy for the Debtors' counsel, and copies necessary for witness and court binders at trial, all of which was necessary to provide competent representation of the Debtors and an organized presentation to the Court." (Defendants' Memorandum of Law in Support of Second Revised Bill of Costs, paragraphs 11 and 12.)
Although this explanation is helpful, it does not provide the detail necessary to determine whether the cost for such copies may be taxed pursuant to 28 U.S.C. § 1920(4).
It appears that some of the cost of the copies may also be attributable to "Bates Stamping." In the Association of Trial Lawyers of America Convention Reference Materials (July, 2004), there is an explanation of "Bates Stamping."
The term Bates Stamping is commonly recognized by attorneys with a document-intensive practice. Much like Heinz refers to a brand of ketchup and Reynolds to a type of aluminum foil, Bates is a brand of sequential stamping machines. A good litigator will systematically Bates Stamp all documents involved in a particular case as he or she determines them to be discoverable. This method of pagination virtually eliminates ambiguity or outright confusion in document identification.
1 Ann. 2004 ATLA-CLE 835 (2004).
In First City Securities, Inc. v. Shaltiel, 1993 WL 408370 (N.D.Ill.), the Court allowed total recoverable copying costs of $1,150.10 out of $21,697.22 requested. The district court allowed ". . . outside costs of $776.44 that include binding, on the assumption that bound documents were necessary for motions or trial. [footnote omitted] Defendants specifically object to costs for binding or bates stamping, arguing that these services are not copying costs. Defendants' Objections at 4. Costs for binding, inserting tabs and bates stamping are allowed here because these services are necessary to reproduce a document in a way that is organized and useful to the opposing party and the court." Id. at *2.
In some cases Bates Stamping documents may be reasonable and taxable. In many instances, Bates Stamping was useful in this case. However, neither the Bates Stamping nor the photocopying costs were identified with sufficient specificity to enable the Court to determine that the charges are taxable under the standard for Courts in the Eleventh Circuit for "copies necessarily obtained for use in the case."

Conclusion
The Plaintiff objected to the photocopying expense in the Second Revised Bill of Costs submitted by the Defendants. The Court has reviewed the Second Revised Bill of Costs and determined that the objection to the requested amount of $2,170.78 for photocopying expense should be sustained. There was no objection to the fees of the clerk ($8.00) or the transcript costs ($470.15). These costs should be paid by the plaintiff.
Accordingly:
IT IS ORDERED that:
*398 1. The Objection to the photocopying costs set out in the Second Revised Bill of Costs is sustained.
2. The net costs of $478.15 shall be paid by the Plaintiff to the Defendants within twenty days of the date of entry of this order.
NOTES
[1] See United States Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d 600, 623 (11th Cir.2000), citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 913 (M.D.Fla.1989).