[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14421

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:04-cv-01415-JA-DAB

GARY L. MOCK,

Plaintiff - Appellant,

versus

BELL HELICOPTER TEXTRON, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 27, 2012)

Before TJOFLAT, MARTIN and HILL, Circuit Judges.

PER CURIAM:

After prevailing against his former employer Bell Helicopter Textron, Inc.

in an age discrimination lawsuit under 29 U.S.C. § 623(a)(1), Gary Mock appeals the district court's partial award of attorneys' fees. The pertinent facts and procedural history of this case are capably set forth in the magistrate judge's Report and Recommendation, adopted by the district court. For our purposes, it is sufficient to say that after three years of contentious litigation Mock prevailed in an age discrimination suit against Bell, and was awarded $225,809.78 in damages. After nearly three more years of litigation, the district court awarded Mock $332,229.37 in attorneys' fees and costs—roughly 43% of what his counsel had requested. Mock now appeals various aspects of the district court's fee award decision, including: numerous fact findings, the calculation of attorneys' costs, the denials of his request to file a reply brief after Bell's response to his fee petition and of his request for discovery of Bell's attorney fee records, and the failure to award interest on costs and fees from the date of the original damages judgment. This Court reviews attorneys' fees awards for abuse of discretion, reviewing questions of law de novo and factfindings for clear error. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008).

First, Mock claims that the district court erred in reducing the hourly rates sought by his attorneys. Specifically, he claims the district court erred by applying Orlando (rather than Dallas) market rates, in determining Orlando rates, and by

2

reducing by 40% the hourly rate for the lead lawyers on the case. The lower court's findings on these points were not clearly erroneous. The court correctly applied the law, noting the "general rule . . that the relevant market for purposes of determining the reasonable hourly rate is the place where the case is filed," and placing the burden on Mock to "show a lack of attorneys practicing in that place who are willing and able to handle his claims." ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (quotation marks omitted). The lower court then made the factual finding that Mock had not met this burden. And while it is certainly possible to quibble with some of the court's findings, such as those regarding the hourly rates for lawyers of comparable experience or that Mock's staffing was "top-heavy," the lower court provided a reasoned basis for each finding, grounding each in appropriate forms of evidence. We therefore affirm its findings with respect to the hourly rates of Mock's counsel.

On a related point, though Mock argues that the court erred because it failed to discuss four of the twelve Johnson factors in setting hourly rates, this Court has been clear that district courts may, but are not required to, consider those factors since many "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." ADA v. Neptune Designs, Inc., 469 F.3d 1357, 1359 n.1 (11th Cir. 2006); see Johnson v. Ga. Highway Express,

3

Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939 (1989) (enumerating the twelve Johnson factors). The lower court clearly "carefully considered" the Johnson factors as a whole and that is sufficient.

Second, Mock claims that the district court erred by reducing the total hours billed by 20% when it found "a significant amount of redundancy and duplication, 'coordination' among counsel, and indivisible block billing," leaving it "with a strong and abiding sense that the time and cost claimed is simply too large." Though we require precision from a district court excluding hours, we similarly require that "both the proof of the hours spent in litigation and any corresponding objections posed be voiced with a similar exactitude." Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996); see Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). The lower court described Mock's final fee submission as "a disappointing hodge-podge of the previously-filed applications without categorical uniformity or organization." Though the court's explanation for its 20% across-the-board cut in the total hours claimed was somewhat vague, it was not clearly erroneous given the volume and

4

the documented disorganization of Mock's submissions.

Third, Mock argues that the district court clearly erred by reducing the total award by 25% for Mock's lack of success in obtaining overall relief. Mock was awarded $225,809.78 in damages—13.28% of the $1.7 million he sought. And, as a matter of law, that discrepancy was appropriate for the district court to make its "primary consideration" for evaluating Mock's success. Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 575 (1992) (quotation marks omitted); see also Popham v. City of Kennesaw, 820 F.2d 1570, 1580–81 (11th Cir. 1987) (permitting the district court to compare "the amount of damages a plaintiff requested with the amount o damages he received" as a basis for finding partial success and reducing the fee award). We therefore conclude that the lower court did not clearly err in making this reduction in the total award.

Fourth, Mock claims that the district court erred by not awarding travel expenses and full transcript fees in its calculation of attorneys' costs. Though plaintiffs may, in addition to fees, recover the "costs of the action" in ADEA cases, 29 U.S.C. §§ 216(b), 626(b), this Court has clearly held that cost recovery is limited by 28 U.S.C. § 1920. Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) (holding that district court erred in awarding, under 29 U.S.C. § 216(b), fees that exceeded those permitted by 28 U.S.C. § 1920); see 28

5

U.S.C. § 1920 (allowing costs for fees of the clerk and marshal, for transcripts, for printing and witnesses, for making copies, for docket fees, and for compensation of court-appointed experts and interpreters). Moreover, the district court did not err in refusing to award these expenses as part of Mock's attorneys' fees, rather than costs. With respect to the travel expenses, it follows from the district court's finding that outside-market counsel was unnecessary, that the outside-market counsel's travel and meal expenses—which Mock would not have incurred had he hired local counsel—should not be awarded as part of Mock's attorneys' fees. Also, the trial transcript claim fails because it appears that the district court did, in fact, award the full amount of the transcript fees Mock requested. In its fee award chart, the lower court indicated that the $5,247.64 requested for transcripts was included within the $6,583.54 provided for "Deposition Fees." Thus, we affirm on these costs claims.

Fifth, Mock claims that the district court erred in denying both his request to file a reply brief supporting his fee petition and his request for discovery of Bell's attorney fee records. On the reply request claim, the district court possessed almost complete discretion to disallow the filing of a reply brief under the court's local rules, and we affirm its decision to do so here. See M.D. Fla. Local Rule 3.01(c) (stating that "[n]o party shall file any reply" to an opponent's response to a

motion "unless the Court grants leave"). With respect to the denial of Mock's request for discovery, we have generally expressed doubt about "whether the number of hours spent on a case by defense counsel is relevant to a determination of the reasonable fees for plaintiffs' attorneys." Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1574 (11th Cir. 1985); Norman, 836 F.2d at 1305 n.3 ("[T]he time expended by opposing counsel is seldom relevant to a determination of hours reasonably expended on many tasks . . . ."). And, though we have before held that a district court abused its discretion when it refused to allow the prevailing plaintiff to conduct discovery on the defendant's attorneys' fees, Henson, 770 F.2d at 1575, we see no reason to do so here given the lower court's expressed ability to decide the reasonableness of requested hours without it. The lower court specifically stated that "[n]o further briefing or discovery is required to inform the Court on the issues." And, although Mock argues that evidence of Bell's attorneys' fees and expenses is relevant to demonstrate the contentiousness of this litigation, the district court was clearly aware of Bell's aggressive litigation posture, and accounted for this by reducing the lodestar by 25% rather than by 50%. We therefore affirm the lower court's denials of these two requests by Mock.

Sixth, and finally, Mock claims that the district court clearly erred by failing

7

to award interest on his costs and fees. This raises two issues: one of interest on costs, and one of interest on fees. Without question, interest on taxable costs accrues from the date of the original damages judgment. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1052 (11th Cir. 1994); see also Ga. Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 797–99 (11th Cir. 1988) (holding that a district court's award of costs bears interest from the date of the original judgment). And, though we have not specifically addressed the issue of when interest begins to accrue on an award of attorneys' fees under 29 U.S.C. § 216(b), we find clear guidance in this Court's precedent.

In BankAtlantic, we held that, where attorneys' fees and costs are awarded as part of discovery violation sanctions, the interest on those fees runs from the date of the sanctions order because the order is "a 'judgment' for purposes of the accrual of interest pursuant to section 1961." 12 F.3d at 1053. Notably, BankAtlantic's holding rests on a plain text reading of § 1961's use of the word "judgment," the same word in the same provision at issue here. Id. Thus, awarding interest from the date of the final judgment on the merits is consistent with BankAtlantic as well as with a majority of our sister circuits. See Associated Gen. Contractors of Ohio, Inc. v. Drabnik, 250 F.3d 482, 495 (6th Cir 2001); Friend v. Kolodzieczak, 72 F.3d 1386, 1391–92 (9th Cir. 1995); Jenkins by Agyei

v. Missouri, 931 F.2d 1273, 1275–77 (8th Cir. 1991); Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988); Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542, 544–45 (5th Cir. 1983), overruled on other grounds by Int'l Woodworkers of Am., v. Champion Int'l Corp., 790 F.2d 1174, 1175–76 (5th Cir. 1986) (en banc).

We therefore affirm the lower court's findings with respect to Mock's claims concerning hourly rates, total hours, the total fee award, attorneys' costs, and the requests for discovery and reply. However, we reverse and remand this case for the recalculation and award of interest on costs and fees from the date of final judgment on the merits.

**AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART**