**Neal Edward COBB, Plaintiff,**

v.

**CITY OF ROSWELL, GEORGIA, Defendant.**

**Civil Action No. 1:11–CV–446–AT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 11, 2013.

Stephen Michael Bowers, Stephen M. Bowers, Attorney at Law, for Plaintiff.

Angela C. Couch and Richard A. Carothers, Carothers & Mitchell, LLC, for Defendant.

## *ORDER*

AMY TOTENBERG, District Judge.

This matter is before the Court on Defendant City of Roswell, Georgia's Bill of Costs [Doc. 203] and Plaintiff Neal Edward Cobb's Motion for Order Denying Taxation of Defendant's Proposed Bill of Costs [Doc. 224]. Plaintiff filed this action under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*, in February 2011. (Compl., Doc. 1.) Plaintiff, a former police officer for the City of Roswell, alleged nine claims of age-related discrimination and retaliation against Defendant including, *inter alia*, that Defendant violated the ADEA by reassigning him to a different position because of his age and then retaliated against him when he filed a grievance. Following discovery, the parties filed cross-motions for summary judgment. (Docs. 155, 158.) Based on the record, the Court granted Defendant's Motion for Summary Judgment on all claims, dismissing this action with prejudice on September 28, 2012. (Doc. 201.)

On October 16, 2012, Defendant submitted its Proposed Bill of Costs seeking $18,636.84 in court costs. (Doc. 203.) Plaintiff promptly filed objections on October 30, 2012. (Doc. 205.) Plaintiff also appealed the Court's final judgment. (Doc. 204.) On August 12, 2013, the Elev-

enth Circuit Court of Appeals affirmed. On the same day, the Clerk submitted Defendant's Proposed Bill of Costs. Shortly thereafter, Plaintiff filed the instant Motion for Order Denying Taxation of Defendant's Proposed Bill of Costs, incorporating in large part his October 30, 2012 Objections. The Proposed Bill of Costs is now ripe for review.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Further, 28 U.S.C. § 1920 provides that the Court may tax costs for the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of spe-

cial interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

 The Eleventh Circuit has held that Rule 54(d) gives rise to a presumption that costs should be awarded to the prevailing party, and places the burden on the losing party to overcome that presumption. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.1991); *see also Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1333 (S.D.Fla.2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable."). A court may exercise its discretion in awarding costs, but it may not award costs exceeding those permitted by the statute. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988). Finally, "[i]n awarding costs, the district court must determine that the costs claimed were necessary and the amount claimed is reasonable." *Copely v. Superior Logistics Alternative, Inc.*, No. 1:10–cv–0009–MEF, 2011 WL 1165476, at * (M.D.Ala. Mar. 30, 2011).

## II. DISCUSSION

Defendant seeks $18,636.84 in its Proposed Bill of Costs. (Doc. 203.) These costs include the following:

| Item | Proposed Cost |
|---|---|
| 1. Fees for service of summons and subpoena ($470.00 for Behan and Bowers; $340.00 for Brown; $265.00 for Stanton) | $ 1,075.00 |
| 2. Fees for printed or electronically recoded transcripts necessarily obtained for use in the case | $ 9,058.45 |
| 3. Fees for disbursements for printing | $ 172.00[1] |
| 4. Fees for witnesses | $ 1,380.00 |
| 5. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $ 3,357.90 |
| 6. Other costs including attorney travel ($1,343.49) and consulting expert fees ($2,250.00) | $ 3,593.49 |

---

**1.** Plaintiff does not object to this cost. (Pl. Mot. at 10.)

**TOTAL** **$18,636.84**

To support its Proposed Bill of Costs, Defendant provides an affidavit of Angela Couch Nguyen. (Nguyen Aff., Doc. 203–1.) Nguyen itemizes this Bill of Costs, (*id.* Exs. A–E), and avers that the expenses were necessarily incurred and actually rendered in the defense of this matter (*id.*).

Plaintiff objects to Defendant's Bill of Costs on several points, which the Court considers in turn.

### A. Subpoenas

■ First, Plaintiff objects to Defendant's request for costs associated with the service of subpoena over Plaintiff's damages expert, Dr. Donald Behan.[2] (Pl. Mot. Deny Taxation Costs ("Pl. Mot.") at 4, Doc. 224.) Plaintiff argues that these subpoenas were unnecessary. According to Plaintiff, his counsel offered Dr. Behan for deposition on multiple dates from August through October, 2011 and produced him for deposition "as agreed on October 27, 2011 sans subpoena." (Pl. Reply at 3, Doc. 227; *see also* Pl. Mot. at 5 (citing Doc. 196 at 5).) In response, Defendant asserts that Dr. Behan "was produced by agreement only *after* the subpoena ha[d] been issued," suggesting that the subpoena was necessary to ensure Behan's appearance. (Def. Resp. at 3, Doc. 225.) However, Defendant makes no showing that Dr. Be-

han was evasive. Moreover, if Dr. Behan, Plaintiff's own testifying expert, failed to show for his deposition, Plaintiff would be unable to rely on his testimony at trial. *See* LR 26.2C, NDGa.[3] Accordingly, the Court sustains Plaintiff's objection to taxing the costs of serving Dr. Behan with a subpoena in this action.

■ Plaintiff next challenges Defendant's request to tax the cost for service of subpoena twice over Plaintiff's counsel, Stephen M. Bowers. Defendant sought this subpoena because it believed Mr. Bowers was likely to be a necessary fact witness. (*See* Doc. 110.) The Court has previously rejected this contention, stating, "Defendant has not shown that deposing Plaintiff's counsel is necessary to obtain relevant, material information." (*Id.* at 4.) Defendant has presented no basis for reconsidering this decision. As Mr. Bowers's deposition was not necessary in this case, the Court sustains Plaintiff's objection to Defendant's request to tax the cost for his subpoena. The combined subtracted costs associated with the subpoenas served on Behan and Cobb is $470.00.

Finally, Plaintiff challenges the $605.00 Defendant requests for the service of subpoenas on witnesses Mary Brown ($340.00)

---

**2.** Defendant does not separate the cost for the subpoena served on Dr. Behan from that served on Stephen Bowers the same day. (*See* Nguyen Aff. Ex. A, Doc. 203–1 at 5.) The combined cost for these subpoenas totals $320.00. (*Id.*) Nguyen avers that the cost for serving Bowers alone on October 17, 2011 was $150.00. (*Id.*) Thus, the total for Bowers and Behan is $470.00.

**3.** Local Rule 26.2C provides:
Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the op-

portunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery. Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.
LR 26.2C, NDGa.

and Stanton Clark ($265.00).[4] Plaintiff first suggests that the subpoenas of Brown and Clark were unnecessary because "Brown's deposition was outside the scope of the initial disclosures and [Clark], Neal Cobb's neighbor not employed by the city, was apparently deposed by Defendant for investigative reasons only." (Pl. Mot. at 6.)

"[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Helms v. Wal–Mart Stores, Inc.*, 808 F.Supp. 1568, 1571 (N.D.Ga.1992) (quoting *George R. Hall, Inc. v. Superior Trucking Co., Inc.*, 532 F.Supp. 985, 994 (N.D.Ga. 1982)); *see also id.* ("The district court has discretion in determining whether the non-prevailing party has shown that a deposition was not necessarily taken within the meaning of the statute."). Depositions are deemed to have been "necessary" under Rule 54(d) if they "appeared to be reasonably necessary to the parties in light of the particular situation existing *at the time it was taken.*" *Helms*, 808 F.Supp. at 1571.

Plaintiff presented no basis for the Court to find Clark's depositions was unnecessary and in fact, as Defendant notes, Plaintiff identified Clark as witnesses supporting his claims. (*See* Pl. 1st Supplement to its Initial Disclosures at 3, Doc. 107; Cobb Dep. 169–170, Doc. 163–2.) Moreover, Plaintiff provides no factual support for his contention that Defendant's deposition of Clark was "for investigative

reasons only." Thus, the Court overrules Plaintiff's objection as to the necessity of Clark's deposition and will tax costs for the subpoena and other expenses accordingly.

On the other hand, Defendant has failed to point to anything in the record suggesting that Ms. Brown's testimony was necessary. Instead, Defendant directs the Court to one line in Plaintiff's deposition where Plaintiff notes that Ms. Brown was present when his gun was taken away. (*See* Doc. 225 at 4 (citing Cobb Dep. 283, Doc. 163–2).) This passing reference to Ms. Brown's presence does not make her deposition necessary. Accordingly, the Court sustains Plaintiff's objections to taxing costs associated with Ms. Brown's deposition and subtracts $340.00 from Defendant's Proposed Bill of Costs. The only remaining reasonable subpoena cost is that associated with the subpoena of Stanton Clark, totaling $265.00

Finally, Plaintiff asserts that the cost associated with Clark's depositions "is inflated over the reasonable value which the U.S. Marshall's service would charge at $55 per hour for the local service of two subpoenas on witnesses at their workplace." (Pl. Mot. at 6 (citing *E.E.O.C. v. W & O Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)).) In response, Defendant explains that the high costs associated with these subpoenas arose because of multiple, necessary attempts to serve Mr. Clark. The Court is satisfied that these costs were reasonable and thus overrules Plaintiff's objections to taxing such costs.

## B. Transcripts

Plaintiff next challenges Defendant's demand for costs associated with

---

4. In her affidavit, Nguyen does not separate the costs for serving Mary Brown from those for serving Stanton Clark. (Nguyen Aff. at Ex. A, Doc. 203–1 at 5.) However, Defendant's deposition notices attach the proof of service indicating that the process server made four total attempts at serving Clark, totaling $265.00, (Doc. 129–1), and five attempts at serving Brown, totaling $340.00, (Doc. 128–1).

acquiring transcripts for the depositions of witnesses Mary Brown and Stanton Clark. Plaintiff's sole objection is that because Brown's and Clark's depositions were unnecessary, requesting the transcripts of their depositions is also unnecessary. As the Court finds Brown's testimony was unnecessary, it subtracts the transcript fees associated with her deposition ($500.78)[5] from Defendant's Proposed Bill of Costs. Otherwise, the Court overrules Plaintiff's objections regarding the transcripts.

### C. Witness Fees

Defendant seeks $1380 in witness fees for four witnesses and provides the following itemization.

## UNITED STATES DISTRICT COURT

| Witness Fees (computation. cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Donald Behan, Roswell, GA | 1 | 1250.00 | | | | | $1,250.00 |
| Neal Cobb, Roswell, GA | 1 | 46.00 | | | | | $46.00 |
| Stanton Clark, Roswell, GA | 1 | 42.00 | | | | | $42.00 |
| Mary Brown, Roswell, GA | 1 | 42.00 | | | | | $42.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $1,380.00 |

(Bill of Costs at 2, Doc. 203; *see also* Nguyen Aff. ¶ 5, Doc. 203–1.)

Taxation of witness fees is proper pursuant to § 1920(3). However, 28 U.S.C. § 1821(b) limits this amount to $40 per day for each day's attendance plus "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). Plaintiff challenges the taxing of any costs beyond $40 per day. Defendant fails to respond to Plaintiff's specific objection. Moreover, Defendant fails to itemize the time spent "going to and returning from the place of attendance" or the "time during such attendance" for any of the wit-

---

**5.** The transcript of Mary Brown's deposition is 97 pages. (Doc. 191–1.) The transcript of Stanton Clark's deposition is 42 pages. (Doc. 192–1.) The combined cost of these two transcripts, according to Nguyen (who did not separate these costs) is $715.40. (Nguyen Aff. Ex. B, Doc. 203–1 at 6.) The Court thus calculates the proportional cost, attributable to Brown's transcript, as $500.78. (97 out of 139 total pages equals 70%; 70% of $715.40 equals $500.78.)

nesses. Accordingly, the Court limits the witness fees for these witnesses to $40.00 per day, except for the fee associated with Mary Brown's deposition. As the Court previously noted, Brown's deposition was unnecessary. Thus, the total amount of taxable witness fees is $120.00.[6]

### D. Exemplification and Copying

 Defendant next seeks $3,357.90 in fees for exemplification and the costs of making copies necessarily obtained for the use in this case. (Bill of Costs at 1, Doc. 203.) "Copies obtained for the convenience of counsel are not recoverable." *Helms*, 808 F.Supp. at 1570. As the party seeking recovery for its copies, Defendant has the burden of producing "evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." *Id.*

 Initially, to support its request, Defendant provided Nguyen's sworn affidavit, which merely stated that Defendant made a total of 22,386 copies at $.15 per copy for a total of $3,357.90. (Nguyen Aff. ¶ 6, Ex. C.) Plaintiff challenged this averment as insufficient, (Pl. Mot. at 9, Doc. 224), and in response, Defendant provided a slightly elaborated affidavit (Nguyen 2d Aff. ¶ 4, Doc. 225–1). According to Nguyen, the over 22,000 copies were needed because (1) Defendant maintained a paper copy of all pleadings, exhibits, attachments and documents associated with each docket entry; (2) Defendant made and maintained a copy of each of Defendant's responses to each of Plaintiff's discovery requests; (3) Defendant made and maintained a copy of each of Plaintiff's response to each of De-

fendant's discovery requests; (4) Defendant made additional copies of documents in preparation for depositions, including courtesy copies for witnesses and counsel; and (5) Defendant maintained copies of documents related to communication with opposing counsel and with the client. Plaintiff argues that Defendant failed to distinguish between "convenience copies" and those necessary for its defense, and thus its entire request for copying costs should be denied. (Pl. Mot. at 9, Doc. 224; Pl. Reply at 4, Doc. 227.)

While certainly some of these copying costs were necessary to the adequate defense of this action, Defendant made little effort to distinguish the necessary costs from those incurred for the convenience of counsel. The Court therefore reduces the taxable copying costs to $1,500, which the Court finds, based on past experience, to be a reasonable estimate of the costs to copy documents necessary for this litigation. *See N. v. Mayo Grp. Dev., LLC*, No. 3:11–cv–444–J–32JBT, 2013 WL 3461932, at *2 (M.D.Fla. July 9, 2013) (reducing taxable copying costs to $1,000 when requesting party failed to adequately show that all the copies were necessarily obtained).

### E. Attorney Travel Costs

 Defendant requests costs associated with its counsel's travel expenses. However, "cost recovery [in an ADEA case] is limited by 28 U.S.C. § 1920," which does not provide for awarding attorney travel expenses. *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed.Appx. 799, 802 (11th Cir.2012) (citing *Glenn v. Gen.*

---

**6.** Plaintiff also challenges the witness fees associated with his own deposition, asserting that he does not "specifically recall being paid to give his deposition but cannot say definitively." Plaintiff appears to challenge the taxation of $40.00 for his witness fees

until Defendant produces "a cancelled check" evidencing payment. The Court, however, is satisfied with Nguyen's sworn affidavit supporting this fee. (*See* Nguyen Aff. ¶ 5, Doc. 203–1.)

*Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988)); *see also Lowery v. Cash's Cabanas, Inc.*, No. 3:08cv186/MCR/MD, 2011 WL 679457, at *9 (N.D.Fla. Jan. 4, 2011) ("[S]ection 1920 does not provide for taxation of the general expenses incurred by an attorney, such as travel expenses, telephone charges, or photocopying costs, nor does it include expert witness fees in excess of the limited expenses allowed for any witness." (quoting *Johnson v. Mortham*, 950 F.Supp. 1117, 1126 (N.D.Fla. 1996))); 14A C.J.S. Civil Rights § 721 (2013) ("A prevailing defendant in an age discrimination action may recover only the costs listed in the general costs statute.").

Defendant argues that *Cullens v. Ga. Dep't Trans.*, 29 F.3d 1489, 1494 (11th Cir.1994) supports its recovery of attorney travel expenses. In *Cullens*, a civil rights action brought under 42 U.S.C. §§ 1981 and 1983 and Title VII, the Eleventh Circuit stated that "[t]ravel expenses are appropriate expenses under § 1920 to the extent they are reasonable." *Cullens*, 29 F.3d at 1494. Although the court references § 1920, the court appears to have allowed the recovery of attorney travel expenses under 42 U.S.C. § 2000e–5(k), the attorney's fees cost-shifting provision governing Title VII cases, or 42 U.S.C. § 1988, the cost-shifting statute applicable

to § 1981 and § 1983 cases. *See Cullens*, 29 F.3d at 1491 (noting that it was reviewing the district court's order granting plaintiff's motion for attorney's fees under § 2000e–5(k)); *see also Lovett v. KLLM, Inc.*, No. 4:05–CV026–RLV, 2007 WL 983192, at *6 n. 2 (N.D.Ga. Mar. 26, 2007) ("To the extent that the Eleventh Circuit's statement in *Cullens* would require taxing reasonable travel expenses pursuant to § 1920, that language appears to mistakenly reference § 1920 instead of § 1988. In any event, that language is merely dicta and, therefore, not binding on this court."). As the district court in *Lovett* recognized, "the [*Cullens* ] court cited to its holding in *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir.1983), 'all reasonable expense incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under *section 1988.*'" *Lovett*, No. 4:05–cv–026–RLV, 2007 WL 983192, at *5. And more importantly, the Eleventh Circuit's recent decision in *Mock* reaffirms the principle that a party's cost recovery in an ADEA case is limited to the taxable costs listed in § 1920.[7] *Mock*, 456 Fed. Appx. at 802. Accordingly, the Court rejects Defendant's Proposed Bill of Costs to the extent it seeks recovery of attorney travel expenses pursuant to § 1920.[8]

---

**7.** In addition, "a district court may award attorney's fees to a prevailing ADEA defendant [under 29 U.S.C. §§ 216(b) and 626(b) ] only upon a finding that the plaintiff litigated in bad faith." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir.1998). Defendant did not move for attorney's fees pursuant to §§ 216(b) and 626(b). Rather, this matter is before the Court on Defendant's Proposed Bill of Costs pursuant to § 1920.

**8.** Courts have consistently limited *Cullens* to provide for the prevailing party's recovery of attorney expenses only in cases subject to § 1988 or § 2000e–5(k). *See, e.g., Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1318 (S.D.Fla.2009) ("[C]ourts have since pointed

out that *Cullens* is limited to civil rights actions under 42 U.S.C. § 1988, and not requests for costs under 28 U.S.C. § 1920.") (collecting cases); *JVC Am., Inc. v. Guardsmark, LLC*, No. 1:05–CV–0681–JOF, 2007 WL 2872454, at *8 (N.D.Ga. Sept. 26, 2007) (suggesting that the *Cullens* decision was "informed by the purposes of 42 U.S.C. § 1988" and thus refusing to extend *Cullens* to a breach of contract case); *Lowery*, 2011 WL 679457, at *9 n. 14 ("*Cullens* was a Title VII case governed by a cost-shifting statute, [and thus] § 1920 was inapplicable."). The ADEA incorporates the attorney's fee provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which differs from the cost-shifting statutes in § 1988 and § 2000e–5(k).

### F. Consulting Expert Fees

The parties have agreed that the $2,250.00 Defendant originally requested for consulting expert fees is not taxable. Accordingly, the Court subtracts this amount from the Defendant's Proposed Bill of Costs.

### G. Reduction of Taxation of Costs for Cause

██ Finally, Plaintiff argues that the Court should reduce the costs to which Defendant is entitled "due to its misconduct in the litigation and for other factors." (Pl. Motion at 11, Doc. 224.) According to Plaintiff, Defendant has "unnecessarily and repetitively caused additional work for Plaintiff's counsel." (*Id.*) Plaintiff primarily relies on Defendant's effort to "forcibly depose and disqualify Plaintiff's counsel." (*Id.*) Based on this alleged misconduct, Plaintiff urges the Court to reject Defendant's entire Bill of Costs as a "penalty." Although perhaps some of Defendant's litigation conduct was unnecessary, Plaintiff has failed to convince the Court that, based on Defendant's conduct, it should be denied costs to which it is entitled as a prevailing party under § 1920.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion [Doc. 224] and taxes the following costs against Plaintiff:

| ITEM | COSTS TAXED |
|---|---|
| 1. Fees for service of summons and subpoena (Stanton Clark only) | $265.00 |
| 2. Fees for printed or electronically recoded transcripts necessarily obtained for use in the case (subtracting $500.78, costs associated with transcript of Mary Brown's deposition) | $8,557.67 |
| 3. Fees for disbursements for printing | $172.00 |
| 4. Fees for witnesses (Donald Behan, Neal Cobb, and Stanton Clark) | $120.00 |
| 5. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $1500.00 |
| 6. Other costs (subtracting attorney travel expenses and consulting expert fees) | $0.00 |
| TOTAL | $10,614.67 |

**IT IS SO ORDERED** this 11th day of October, 2013.

**Charlton Paul GREEN, Petitioner,**

29 U.S.C. 626(b). *Compare* 29 U.S.C. § 216(b) ("The court in [an ADEA action] shall, in addition to any judgment awarded to *the plaintiff* or *plaintiffs,* allow a reasonable attorney's fee to be *paid by the defendant,* and costs of the action." (emphasis added)), *with* 42 U.S.C. § 2000e–5(k) ("[T]he court [in a Title VII case], in its discretion, may allow the *prevailing party* … a reasonable attorney's fee (including expert fees) as part of the costs …." (emphasis added)); *see also Salvatori v. Westinghouse Elec. Corp.,* 190 F.3d 1244, 1245 (11th Cir.1999) (Birch, J., concurring) (recognizing that unlike Title VII, the ADEA does not provide that "the Court, in its discretion, may allow the prevailing *party* … a reasonable attorney's fees (including expert fees) as part of the costs" (emphasis added) (quoting *Hewitt v. Helms,* 482 U.S. 755, 763, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987))).